## 24
## · OFFINGER v. OFFINGER
Ohio Appeals, 8th Dist., Cuyahoga County
No. 5211. September 22, 1924.

**413. DIVORCE & ALIMONY—Alimony amounting to $8.00 per week held not unduly burdensome when husband makes $160 per month.**

PER CURIAM.

Epitomized Opinion
Published only in Ohio Law Abstract

Corrine M. Offinger filed her petition for alimony and her husband filed an answer and cross petition asking for divorce which was not granted. She was allowed alimony of $8.00 per week. The record showed that the husband was making $160.00 per month. Affirming the common pleas, the court of appeals held:

Allowance of alimony at the rate of $8.00 per week was held not unduly burdensome.

Attorneys—Gordon and Gordon, for Ralph M. Offinger; Paul Howland, for Corrine M. Offinger; all of Cleveland.

---

## 25
## CINCINNATI FINANCE CO. v. HONGST, et al.
Ohio Appeals, 4th Dist., Franklin County
No. 1243. Decided Oct. 3, 1924

**229. CHATTEL MORTGAGES—The owner of a chattel mortgage on an automobile, which allows the automobile to remain in the possession of the mortgagor for purposes of sale, cannot enforce the mortgage against a bona fide purchaser without notice.**

FERNEDING, J.

Epitomized Opinion
Published only in Ohio Law Abstract

Action to foreclose a chattel mortgage upon an automobile which was owned by Frank Reeb, doing business under the name of Reeb Motor Sales Company in Columbus. Reeb mortgaged the automobile to the Cincinnati Finance Company for $1050.00 to secure a note on the same. The automobile was kept by the Reeb Motor Sales Co. and sold in the regular course of dealing to Lawrence Maugan for $1845.00, in consideration of which was

paid $1500.00 in cash and the exchange of another automobile. The chattel mortgage of the Finance Company had been duly filed. Maugan had no actual notice of this chattel mortgage. Reeb failed to account to the Cincinnati Finance Company for the proceeds of the sale, and thereupon this action was brought. In rendering judgment in favor of the defendant, Maugan, the Court held:

1. That in cases where the mortgagee himself waives his right by consenting to the sale of the mortgaged property, he is bound thereby and waives his right to repudiate the sale and claim the property in the hands of an innocent purchaser.

Attorneys—Watson, Davis, Joseph and McLeskey for Finance Company; John A. Connor for Hongst; all of Columbus.

---

## 26
## ELLIOTT v. GREEN-BABCOCK CO.
Ohio Appeals, 8th Dist., Cuyahoga County
No. 5200. Decided Sept. 29, 1924

**480. EVIDENCE—Conversations leading up to giving written guarantee held not admissible when no ambiguity exists.**

**2. Personal account against guarantor not admissible in action based on guaranty.**

SULLIVAN, J.

Epitomized Opinion
Published only in Ohio Law Abstract

Green-Babcock Co. obtained a judgment in the municipal court against Elliott upon a written guarantee for goods delivered to the United Markets. The guarantee contained the following language: "In line with our conversation had in our office with your Mr. Green, Mr. Heckler and Mr. Arnett several days ago I wish to advise that I will guarantee payment of the current shipments" etc. The trial court admitted evidence of the conversations and also admitted in evidence as indebtedness against the United Markets a personal account against Elliott, the guarantor. On proceedings in error the appeals court reversed the judgment and remanded cause for further proceedings, holding:—

1. When there is no ambiguity to be explained in the written guarantee, oral evidence of conversation referred to in the document is inadmissible.

2. It is error for the court to consider the personal account of the guarantor as evidence of indebtedness against the party for whose benefit the guarantee runs.

3. The court committed error in the admission of evidence prejudicial to the rights of Elliott.

Attorneys—Harvey E. Elliott for Elliott; Green & Gallup for Green-Babcock Co.; all of Cleveland.